### DOHERTY v. ARKANSAS & O. R. CO.

(Circuit Court of Appeals, Eighth Circuit. November 28, 1905.)

No. 2,186.

SUBSCRIPTIONS—RIGHT TO WITHDRAW BEFORE ACCEPTANCE.

> Voluntary subscriptions do not ripen into binding obligations until they have been accepted, and as long as the beneficiary is contending that the conditions of his proposition which called forth the efforts of others to ob-

tain the subscriptions have not been complied with a subscriber may withdraw and cancel his offer to contribute.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Subscriptions, §§ 5, 20.]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 82 S. W. 899.

This was an action by the railroad company in the United States Court for the Northern District of the Indian Territory to recover from Doherty upon a voluntary subscription. A verdict was returned for the plaintiff, and the judgment thereon was affirmed by the United States Court of Appeals in the Indian Territory.

W. H. Kornegay, for plaintiff in error.

James S. Davenport, for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Voluntary subscriptions do not ripen into binding obligations until they have been accepted, and, as long as the beneficiary is contending that the conditions of his proposition which called forth the efforts of others to obtain the subscriptions have not been complied with, a subscriber may withdraw and cancel his offer to contribute. The case at bar is controlled by this principle. The railroad company was about to extend its line of road from its then terminus, into the Indian Territory, and negotiations which ensued with the citizens of the town of Grove resulted in a proposition that the extension would be made to that place if they would (1) raise and pay to the company a bonus of $5,000, (2) pay all damages arising from the construction of the road through the town, and (3) pay all damages of a specified character for a distance of five miles eastward of the town. The proposition of the company was regarded by it as an entirety. During the progress of the subsequent efforts of the citizens to secure subscriptions for the bonus, and to furnish sufficient guaranty that the damages would be paid, the position of the company, consistently maintained, was that before the proposition became operative and binding the performance of all of the various conditions must first be adequately secured. It was asserted by the company that the desired extension would not be made unless satisfactory provision was made for the payment, not only of the bonus, but also of the damages specified. In the earlier stages of the affair Doherty signed subscription lists whereby he agreed to contribute the sum of $650 toward the amount of the bonus. Shortly thereafter the company required the subscribers to give promissory notes for their subscriptions. Doherty refused to do so, and repudiated his obligation upon the papers he had already signed. In our opinion it was clearly established by the evidence that at that time the relations of the parties had not reached a stage at which the subscribers were irrevocably bound. The company thereafter held itself free to make demands upon the representatives and committees of the citizens that they comply with the other

parts of the proposition, and at least once it declared that, if its re-quirements were not complied with, the extension to Grove would not be made.

More than this, it appears that it was not until several months after the declaration by Doherty that he would no longer be bound that the company for the first time recognized that sufficient guaranty had been given, and a formal contract was then drawn up and signed on behalf of the company and by members of the citizens' committee, whereby the company engaged to construct its extension to the town of Grove. It was at this time, also, that the promissory notes which had been given by other subscribers were withdrawn from a bank in which they had been placed in escrow, and stamped, as required by an act of Congress then in force. A beneficiary of a voluntary subscription cannot hold to an incompleted donation, and at the same time either impose other conditions upon the subscribers, or declare himself absolved from his obligation because the conditions already prescribed have not been complied with. The request of Doherty for a directed verdict in his favor should have been granted by the trial court.

This conclusion will doubtless dispose of the case, and therefore we need not consider the question which is raised concerning the power of the company, under the limitations of its Arkansas charter, to extend its road beyond the limits of that state.

The judgments of the United States Court of Appeals in the Indian Territory and the United States Court for the Northern District of that Territory are reversed, with direction to grant a new trial.